10-2115-pr
Nicholas Leslie v. Charles Mule, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:

    ROGER J. MINER,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NICHOLAS LESLIE,

        *Petitioner-Appellant,*

   v.                              No. 10-2115-pr

CHARLES MULE, FACILITIES DIRECTOR, BUFFALO FEDERAL DETENTION FACILITY; WILLIAM CLEARY, DISTRICT DIRECTOR, DRO FIELD OFFICE; ERIC J. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES,

        *Respondents-Appellees.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**        Nicholas Leslie, *pro se*, Batavia, NY.

**FOR RESPONDENTS-APPELLEES:**    Gail Y. Mitchell, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney), Office of the United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Nicholas Leslie, *pro se*, appeals from the May 6, 2010 judgment of the District Court denying his 28 U.S.C. § 2241 petition. We assume the parties' familiarity with the facts and procedural history of this action.

We review *de novo* a district court's denial of a § 2241 petition. *See Rankine v. Reno*, 319 F.3d 93, 98 (2d Cir. 2003). 28 U.S.C. § 2241(c)(3) authorizes a district court to consider the legal claims of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."

Although the law provides that when an alien is ordered removed, the Attorney General must remove the alien within a period of 90 days, a habeas petitioner's due process rights "are not jeopardized by his continued detention as long as his removal remains reasonably foreseeable." *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001)). In *Zadvydas*, the Supreme Court held that six months of detention, following a final order of removal, is presumptively constitutional, but the Court also held that the presumption "does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

In this case, Leslie has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. Leslie has been detained well beyond the six-month period found presumptively reasonable; however, the evidence presented to the District Court and this Court by the respondent indicates that the delay in processing Leslie's removal has been caused by his own refusal to cooperate and his false claims of United States citizenship. Petitioner has not provided

2

this Court with any authority or evidence demonstrating that the District Court's findings were incorrect.  Accordingly, we affirm the judgment of the District Court.

## <u>CONCLUSION</u>

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court